LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

JAIME A. LEAÑOS—SBN: 159471
MORALES & LEAÑOS
75 E. Santa Clara Street, Suite 250
San Jose, CA 95113
Telephone: (408) 294-6800
Facsimile: (408) 294-7102
E-mail: jleanoslaw@pacbell.net

*Attorneys for Plaintiff*
CAMIE GIONET, individually and as successor in interest to Andrea Naharro-Gionet, deceased

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMIE GIONET, individually and as successor in interest to Andrea Naharro-Gionet, deceased,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF SANTA CLARA; JENNIFER GALAN; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure-Denial of Medical Care (42 U.S.C. § 1983)<br>4. Substantive Due Process (42 U.S.C. § 1983)<br>5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. False Arrest/False Imprisonment<br>7. Battery (Wrongful Death)<br>8. Negligence (Wrongful Death)<br>9. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff CAMIE GIONET, individually and as successor in interest to Andrea Naharro-Gionet, deceased, for his complaint against Defendants COUNTY OF SANTA CLARA, JENNIFER GALAN, and DOES 1-10, inclusive, alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the police killing of Plaintiff's wife Andrea Naharro-Gionet ("DECEDENT"), on November 16, 2013.

2. Defendants JENNIFER GALAN ("DEPUTY GALAN") and DOES 1-5 ("DOE DEPUTIES") proximately caused DECEDENT's and Plaintiff's injuries by firing the shots that killed DECEDENT, by integrally participating or failing to intervene in the shooting, and by engaging in other acts and/ or omissions around the time of the shooting that resulted in her death. Defendants DEPUTY GALAN and DOE DEPUTIES are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

3. Defendants COUNTY OF SANTA CLARA ("COUNTY") and DOES 6-10 also proximately caused DECEDENT's and Plaintiff's injuries and are liable under state law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## VENUE AND JURISDICTION

4. Venue is proper in this District because the underlying acts, omissions, injuries and related facts and circumstances giving rise to the present action occurred in this District.

5.     This Court has jurisdiction over plaintiff's federal claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1334. Plaintiff further invokes pendant jurisdiction of this Court to consider the claims arising under the law.

## PARTIES

6.     At all relevant times, DECEDENT Andrea Naharro-Gionet was a resident of the County of Santa Clara, California.

7.     Plaintiff CAMIE GIONET is an individual residing in the County of Santa Clara, California, and is the husband of the DECEDENT. Plaintiff sues both in his individual capacity and in a representative capacity as successor-in-interest to the DECEDENT pursuant to California Code of Civil Procedure § 377.60(a). Plaintiff is seeking both wrongful death damages and survival damages under federal and state law.

8.     At all relevant times, Defendant DEPUTY GALAN is and/or was a resident of the County of Santa Clara and a sheriff's deputy for the Santa Clara County Sheriff's Department. DEPUTY GALAN was acting under color of law within the course and scope of her duties as sheriff's deputy for the Santa Clara County Sheriff's Department. DEPUTY GALAN was acting with complete authority and ratification of their principal, Defendant COUNTY.

9.     Defendants DOE DEPUTIES are sheriff's deputies for the Santa Clara County Sheriff's Department. DOE DEPUTIES were acting under color of law within the course and scope of their duties as sheriff's deputies for the Santa Clara County Sheriff's Department. DOE DEPUTIES were acting with complete authority and ratification of their principal, Defendant COUNTY.

10.     Defendants DOES 6-8 are supervisorial officers for the Santa Clara County Sheriff's Department who were acting under color of law within the course and scope of their duties as sheriff's deputies for the Santa Clara County Sheriff's

Department. DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11. Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the Santa Clara County Sheriff's Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Santa Clara County Sheriff's Department. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

12. On information and belief, DOES 1-10 were residents of the County of Santa Clara.

13. At all relevant times Defendant COUNTY is and was a duly organized public entity, form unknown, existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Santa Clara County Sheriff's Department and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the Santa Clara County Sheriff's Department and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendants DEPUTY GALAN and DOE DEPUTIES.

14. In doing the acts and failing and omitting to act as hereinafter described, Defendants DEPUTY GALAN and DOE DEPUTIES were acting on the implied and actual permission and consent of supervisory Defendants DOES 6-10.

15. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the COUNTY.

16.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sue these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

17.     At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

18.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and its agents ratified all of the acts complained of herein.

19.     All Defendants who are natural persons, including DOES 1-10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the Santa Clara County Sheriff's Department.

20.     DECEDENT died as a direct and proximate result of the actions of Defendants DEPUTY GALAN and DOE DEPUTIES. Defendants DEPUTY GALAN and DOE DEPUTIES are directly liable for DECEDENT's and Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

21.     Defendants COUNTY and DOES 6-10 are liable for Plaintiff's injuries under California law and under the doctrine of *respondeat superior*. Liability under

California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

22.    On April 7, 2014, Plaintiff filed a comprehensive and timely claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

23.    On May 2, 2014, the COUNTY formally denied said claims.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

24.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25.    On November 16, 2013, DECEDENT Andrea Naharro-Gionet, a disabled 61-year-old woman with multiple sclerosis, was approached by DEPUTY GALAN and DOE DEPUTIES of the Santa Clara County Sheriff's Department while she was in the driveway of her triplex home on Cleveland Avenue in San Jose, California.

26.    On information and belief, Decedent had not committed any crime and Defendants DEPUTY GALAN and DOE DEPUTIES had neither reasonable suspicion to detain her nor probable cause to arrest her.

27.    DEPUTY GALAN and DOE DEPUTIES detained DECEDENT. Within a minute of their initial encounter, DEPUTY GALAN shot Decedent Andrea Naharro-Gionet without justification, which resulted in severe injuries that eventually caused DECEDENT's death.

28.    Defendant DEPUTY GALAN drew a firearm and shot DECEDENT at a time when DECEDENT was not engaging in any illegal conduct, nor posing a threat of any nature to anyone, including DOE DEPUTIES and DEPUTY GALAN who shot DECEDENT. Further, at the time of the shooting, DECEDENT did not

pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

29.     Before DEPUTY GALAN shot DECEDENT, Defendants DOE DEPUTIES took no action to prevent the use of deadly force against DECEDENT, including but not limited to suggesting alternative methods to assist DECEDENT, disengaging and allowing for a cooling-off period before re-engaging, or telling DEPUTY GALAN not to fire her weapon against Decedent.

30.     At all relevant times, DECEDENT was in mental and physical distress. DECEDENT had multiple sclerosis.

31.     After and as a result of being shot multiple times, DECEDENT was pronounced dead at the scene by emergency medical personnel.

### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants DEPUTY GALAN and DOE DEPUTIES)

32.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as if fully set forth herein.

33.     Defendants DEPUTY GALAN and DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested DECEDENT without probable cause in violation of her right to be secure in her person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

34.     On information and belief, the conduct of the Defendants DEPUTY GALAN and DOE DEPUTIES was willful, wanton, malicious and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants

the imposition of exemplary and punitive damages as to DEPUTY GALAN and DOE DEPUTIES.

35.     As a result of the conduct of Defendants DEPUTY GALAN and DOE DEPUTIES, they are liable for DECEDENT's injuries, either because they were an integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

36.     DECEDENT was detained without reasonable suspicion and arrested without probable cause.

37.     Accordingly, Defendants DEPUTY GALAN and DOE DEPUTIES are each liable to Plaintiff for compensatory and punitive damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

38.     Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

(Against Defendant DEPUTY GALAN)

39.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     Defendants DEPUTY GALAN's unjustified shooting of DECEDENT deprived DECEDENT of her right to be secure in her person against unreasonable searches and seizures as guaranteed to the DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment, and further deprived DECEDENT of due process as guaranteed to her under the Fourteenth Amendment to the United States Constitution.

41.     As a result of the aforementioned excessive and unreasonable force, DECEDENT was caused loss of enjoyment of life, severe pain and suffering, and ultimately died.

42.     The shooting was excessive and unreasonable, especially because DECEDENT was disabled and posed no immediate threat of death or serious bodily injury at the time of the shooting.

43.     Defendant DEPUTY GALAN's shooting and use of force violated her training.

44.     Accordingly, Defendant DEPUTY GALAN is liable to Plaintiff for compensatory and punitive damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

45.     Plaintiff is seeking attorney's fees, funeral and burial expenses, and loss of financial support.

**THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DEPUTY GALAN and DOE DEPUTIES)

46.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47.     The denial of medical care by Defendants DEPUTY GALAN and DOE DEPUTIES deprived DECEDENT of her right to be secure in her person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.     As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.

49.     Defendants DEPUTY GALAN and DOE DEPUTIES knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

50.     The conduct of DEPUTY GALAN and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DEPUTY GALAN and DOE DEPUTIES.

51.     Plaintiff brings this claim as successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

52.     Plaintiff is seeking attorney's fees, funeral and burial expenses, and loss of financial support.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(Against Defendants DEPUTY GALAN and DOE DEPUTIES)

53.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his wife, DECEDENT.

55.     The aforementioned actions of DEPUTY GALAN and DOE DEPUTIES, along with other undiscovered conduct, shock the conscience, in that

they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

56.     DEPUTY GALAN and DOE DEPUTIES thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with his familial relationship with DECEDENT.

57.     As a direct and proximate cause of the acts of DEPUTY GALAN and DOE DEPUTIES, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.

58.     Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

59.     The conduct of DEPUTY GALAN and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

60.     DEPUTY GALAN and DOE DEPUTIES are each liable to Plaintiff for compensatory and punitive damages, including both survival damages and wrongful death damages, under 42 U.S.C. § 1983.

61.     Plaintiff also seeks attorney fees under this claim. Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

## **FIFTH CLAIM FOR RELIEF**

### **Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants COUNTY and DOES 6-10)

62.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 61 of this Complaint with the same force and effect as if fully set forth herein.

63.     On and for some time prior to November 16, 2013 (and continuing to the present date), Defendants COUNTY and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

        (a)    Employing and retaining as police officers and other personnel, including DEPUTY GALAN and DOE DEPUTIES, whom Defendants COUNTY and DOES 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Santa Clara County Sheriff's Department policies, including the use of excessive force;

        (b)    Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY sheriff's deputies and other personnel, including DEPUTY GALAN and DOE DEPUTIES, whom Defendants COUNTY and DOES 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DEPUTY GALAN and DOE DEPUTIES, who are sheriff's deputies and/or agents of COUNTY;

(d) By failing to discipline COUNTY sheriff's deputies' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

(e) By ratifying the intentional misconduct of DEPUTY GALAN and DOE DEPUTIES and other sheriff's deputies and/ or agents, who are sheriff's deputies and/or agents of COUNTY;

(f) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants COUNTY and DOES 6-10 were maintained with a deliberate indifference to individuals' safety and rights; and

(g) By failing to properly investigate claims of unlawful detention and excessive force by COUNTY sheriff's deputies.

64. By reason of the aforementioned policies and practices of Defendants COUNTY and DOES 6-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

65. Defendants COUNTY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.

Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

66. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

67. The actions of each of Defendants DOES 6-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 6-10.

68. By reason of the aforementioned acts and omissions of Defendants COUNTY and DOES 6-10, Plaintiff was caused to incur funeral and related burial expenses, and loss of financial support.

69. By reason of the aforementioned acts and omissions of Defendants COUNTY and DOES 6-10, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

70. Accordingly, Defendants COUNTY and DOES 6-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

71. On information and belief, the aforementioned acts were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to DOES 6-10.

72.     Plaintiff is claiming wrongful death damages based on Federal and State law.

73.     Plaintiff also seeks attorney fees under this claim.

## SIXTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

**(Against Defendants DEPUTY GALAN, DOE DEPUTIES, and COUNTY)**

74.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75.     Defendants DEPUTY GALAN and DOE DEPUTIES, while working as sheriff's deputies for the Santa Clara County Sheriff's Department and acting within the course and scope of their duties, intentionally deprived DECEDENT of her freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress.  DOE DEPUTIES detained DECEDENT without reasonable suspicion and arrested her without probable cause.

76.     DECEDENT did not knowingly or voluntarily consent.

77.     DECEDENT was detained for an appreciable length of time.

78.     The conduct of DOE DEPUTIES was a substantial factor in causing the harm to DECEDENT.

79.     Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DEPUTY GALAN and DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

80.     The conduct of DEPUTY GALAN and DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the

rights of DECEDENT, entitling Plaintiff to an award of exemplary and punitive damages as to Defendants GALAN and DOE DEPUTIES.

81.     Plaintiff is seeking both survival and wrongful death damages under this claim.

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

### (Wrongful Death)
(Against Defendants GALAN and COUNTY)

82.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 81 of this Complaint with the same force and effect as if fully set forth herein.

83.     DEPUTY GALAN, while working as a sheriff's deputy for the Santa Clara County Sheriff's Department, and acting within the course and scope of her duties, intentionally shot DECEDENT multiple times.  As a result of the actions of DEPUTY GALAN, DECEDENT suffered severe pain and suffering and ultimately died from her injuries and also lost her earning capacity.  DEPUTY GALAN had no legal justification for using force against DECEDENT, and said Defendant's use of force while carrying out her duties as a sheriff's deputy was an unreasonable use of force.

84.     As a direct and proximate result of the conduct of DEPUTY GALAN as alleged above, DECEDENT suffered extreme and severe mental anguish and pain and have been injured in mind and body.

85.     Defendants DOES 6-10, inclusive, are directly liable and responsible for the acts of Defendants DEPUTY GALAN because DOES 6-10, inclusive, failed to adequately train, discipline, supervise, or in any other way control Defendant DEPUTY GALAN in the exercise of her unlawful use of excessive and lethal force.

86. The COUNTY is vicariously liable for the wrongful acts of DEPUTY GALAN pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

87. The conduct of DEPUTY GALAN was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as a successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DEPUTY GALAN.

88. Plaintiff is seeking both survival and wrongful death damages under this claim.

89. Plaintiff is claiming funeral and burial expenses and a loss of financial support.

## EIGHT CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

### (**Wrongful Death**)
(Against All Defendants)

90. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 89 of this Complaint with the same force and effect as if fully set forth herein.

91. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

> (a)  the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)    the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)    the failure to provide prompt medical care to DECEDENT;

(e)    the failure to properly train and supervise employees, both professional and non-professional, including DEPUTY GALAN and DOE DEPUTIES;

(f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

92.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.  Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

93.    The COUNTY is vicariously liable for the wrongful acts of Defendants DEPUTY GALAN and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

94.    Plaintiff is seeking both survival and wrongful death damages under this claim.

95. Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

## **NINTH CLAIM FOR RELIEF**
### **(Violation of Cal. Civil Code § 52.1)**
(Against All Defendants)

96. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 95 of this Complaint with the same force and effect as if fully set forth herein.

97. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

98. On information and belief, Defendants DEPUTY GALAN and DOES 1-10, inclusive, while working for the COUNTY, and acting within the course and scope of their duties as Santa Clara County Sheriff's Department sheriff's deputies, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting and killing DECEDENT without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying DECEDENT necessary medical care.

99. When Defendant GALAN shot and killed DECEDENT and allowed her to lie bleeding on the driveway, they interfered with the civil rights of DECEDENT to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

100. On information and belief, Defendants intentionally committed the above acts to discourage DECEDENT from exercising her civil rights, to retaliate

against her for invoking such rights, or to prevent her from exercising such rights, which he was fully entitled to enjoy.

101.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by DEPUTY GALAN and DOES 1-10, inclusive were intended to discourage her from exercising the above civil rights, to retaliate against her, or invoking such rights, or to prevent her from exercising such rights.

102.    Defendants successfully interfered with the above civil rights of DECEDENT.

103.   DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Plaintiff has suffered mental anguish and pain and has been injured in mind and body.  Plaintiff has been deprived of the life-long comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

104.   The conduct of Defendants was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT.

105.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, justifying an award of exemplary and punitive damages.

106.   Plaintiff seeks both survival and wrongful death damages under this claim.

107.   Plaintiff also seeks attorney fees under this claim.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests entry of judgment his favor and against Defendants DEPUTY GALAN, COUNTY OF SANTA CLARA, and DOES 1-10, inclusive, as follows:

      A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

      B.    For funeral and burial expenses, and loss of financial support;

      C.    For punitive damages against the individual defendants in an amount to be proven at trial;

      D.    For interest;

      E.    For reasonable costs of this suit and attorneys' fees; and

      F.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  October 13, 2014       LAW OFFICES OF DALE K. GALIPO
                                LAW OFFICES OF MORALES & LEAÑOS

                              By  */s/ Dale K. Galipo*
                                Dale K. Galipo
                                Jaime Leanos
                                Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: October 13, 2014          LAW OFFICES OF DALE K. GALIPO
                                 LAW OFFICES OF MORALES & LEAÑOS


                                 By _/s/ Dale K. Galipo_____
                                     Dale K. Galipo
                                     Jaime Leanos
                                     Attorneys for Plaintiff